UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD L. CALVIN,<br><br>                         Plaintiff,<br><br>    v.<br><br>BILL ELFO, et al.,<br><br>                         Defendants. | CASE NO. 2:20-cv-00866-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56, requesting the Court dismiss Plaintiff's *pro se* § 1983 civil rights complaint. Dkt. 29. Plaintiff, a prisoner currently serving a sentence at the Monroe Correctional Complex, alleges Defendants violated his rights when he was a prisoner at the Whatcom County Jail between 2017 and 2018. Dkt. 8-11. Defendants contend the Court should dismiss the case because Plaintiff's claims are untimely or unexhausted.

Defendants' motion for summary judgment and *Rand* and *Wyatt* notice were filed on January 20, 2021. Dkts. 29-33. The motion was noted for February 12, 2021 and the matter is thus ripe for the Court's consideration. For the reasons below, the Court recommends GRANTING Defendant's motion for summary judgment, Dkt. 29, and DISMISSING the case with prejudice.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On May 28, 2020, Plaintiff submitted for filing a 190-page § 1983 civil rights complaint containing wide ranging allegations. Dkt. 1. The complaint alleges Plaintiff is arthritic, suffers nerve and brain damage, is bipolar and depressed, has problems regulating temperature, and has a compromised immune system. Plaintiff claims he has suffered injuries from a series of auto accidents and assaults that occurred before he was incarcerated. Dkt. 8 at 4-11. Plaintiff seeks damages for "maiming," "torture," cruel and unusual placement in unheated isolation cells, and being placed in close proximity to inmates with contagious diseases. *Id.* at 16-17. He also alleges he was denied necessary "medicines" a "prosthetic ambulation aid," received a minimal diet and was denied edible foods, and that his glasses, and medications were taken from him. *Id.* at 17. The complaint further alleges plaintiff was denied necessary surgeries, Defendants were complicit in the approval of violent assault, sexual harassment, and retaliated against Plaintiff after he made complaints, and that Defendants interfered with access to counsel. *Id.* at 18-20.

Defendants argue the Court should grant Summary Judgment because Plaintiff's claims are untimely or unexhausted. Dkt. 29. Defendants contend Plaintiff put the present complaint into the mail on May 26, 2020, and the Court received it two days later. The docket reflects that the complaint was mailed to the Court by US Certified Mail in an envelope dated May 26, 2020 by the U.S. Postal Service, with a return address of D. Calvin, P.O. Box, 30333, Bellingham, WA 98228. Dkt. 1 at 194. Defendants contend Plaintiff was detained at the Jail between December 1, 2016 and May 16, 2017. *Id.* at 2. Thus, any alleged claims arising from this period of incarceration falls outside the three-year limitation period to bring a § 1983 action and should be dismissed as time-barred.

Defendants aver Plaintiff was again detained at the Jail between October 24, 2018 until

he was transferred on November 19, 2018 to the Department of Corrections. *Id.* Defendants aver Plaintiff did not file any grievances during this time period in 2018 and that because Plaintiff failed to exhaust his administrative remedies, he is barred from obtaining § 1983 relief for alleged acts occurring in 2018.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).

Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995).

## DISCUSSION

**A.     Statute of Limitations**

Defendants contend claims based upon Plaintiff's detention from December 1, 2016 to May 16, 2017 should be dismissed as time-barred. In support, Defendants submitted the declaration of Wendy Jones, the Chief of the Corrections Bureau of the Whatcom County Jail, and Deputy Prosecuting Attorney Brandon Waldron.  Dkt. 30 (Jones Declaration) and Dkt. 31 (Waldron Declaration). Both Ms. Jones and Mr. Waldron aver Jail or Court records show Plaintiff was booked into the Jail on December 1, 2016 and released on May 16, 2017. Plaintiff was rebooked on October 24, 2018 and transferred to the Department of Corrections on November 19, 2018.  *Id.* at ¶ 2.  Plaintiff has not filed anything contesting Defendants' assertions.

In this case, Plaintiff put his § 1983 complaint in the mail on May 26, 2020, and it was received by the Court and placed on the docket on May 28, 2020. Section 1983 does not contain a statute of limitations, and federal courts thus apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

REPORT AND RECOMMENDATION - 4

1    Here, Plaintiff's claims accrued by May 16, 2017 because he obviously knew about the

2 jail conditions and acts of the defendants of which he now complains. Plaintiff's complaint was

3 mailed on May 26, 2020. His claims regarding the conditions at the jail or acts of the Defendants

4 for the time period before May 16, 2017 are thus untimely and should be dismissed with

5 prejudice.

### B.    Administrative Exhaustion Requirement

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates must not only fully exhaust available administrative remedies, but they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120. Exhaustion of administrative remedies should be

REPORT AND RECOMMENDATION - 5

1  decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 737 F.3d
2  1162, 1170 (9th Cir. 2014).

3  In support of the motion for summary judgment, defendants filed the declaration of
4  Wendy Jones, the final decision maker and individual at the Jail that maintains a log of all
5  administrative grievances that are appealed to her. Dkt. 30 at ¶ 3. Ms. Jones avers that Plaintiff
6  did not appeal any grievances in 2018. *Id*. Plaintiff was aware the Jail has a grievance procedure
7  and in fact filed grievances when he was detained earlier between December 2016 and May 16,
8  2017. *See* Dkt. 30 (Jones Declaration ¶ 4, and Exhibit B). Plaintiff has not filed anything
9  showing he exhausted his administrative remedies regarding his claimed violations while he was
10 detained at the Whatcom County Jail in 2018. Because Plaintiff failed to properly exhaust his
11 administrative remedies, any claims accruing from his detention in 2018 at the What County Jail
12 are barred and should be dismissed.

## OBJECTIONS AND APPEAL

14 This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should
15 not file a notice of appeal seeking review in the Court of Appeals for the Ninth until the assigned
16 District Judge enters a judgment in the case.

17 Objections, however, may be filed and served upon all parties no later than **March 2,**
18 **2021.** The Clerk should note the matter for **March 12, 2026**, as ready for the District Judge's
19 consideration if no objection is filed.  If objections are filed, any response is due within 14 days
20 after being served with the objections.  A party filing an objection must note the matter for the
21 Court's consideration 14 days from the date the objection is filed and served.  The matter will
22 then be ready for the Court's consideration on the date the response is due.  Objections and
23 responses shall not exceed Ten pages.  The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 6

The Clerk is directed to provide a copy of this report and recommendation to the parties and the assigned United States District Judge.

DATED this 16th day of February 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7