UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD L. CALVIN,

        Plaintiff,

   v.

BILL ELFO, et al.,

        Defendant.

CASE NO. C20-00866-RSM

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Donald Calvin's Motion for Relief from Judgment, seeking relief from this Court's March 22, 2021 order adopting the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida and dismissing this case. Dkt. #42. Having reviewed Plaintiff's motion, the declarations attached thereto, and the remainder of the record, Plaintiff's motion is DENIED.

## II. BACKGROUND

On May 28, 2020, Plaintiff, proceeding pro se, filed a Section 1983 civil rights complaint alleging violations of his civil rights when he was a prisoner at the Whatcom County Jail ("WCJ") during two time periods between 2016 and 2018. Dkt. #1. On January 20, 2021, Defendants

moved for summary judgment on the basis that Plaintiff's claims were time-barred under the statue of limitations for civil rights claims or unexhausted pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Dkt. #29. Plaintiff failed to file a response, and on February 16, 2021, Judge Tsuchida issued an R & R that recommended granting Defendants' motion for summary judgment and dismissing this case. Dkt. #34. The R & R determined that Plaintiff's claims arising from his alleged treatment during his confinement at WCJ from December 1, 2016 and May 16, 2017 were time-barred on the basis that Washington's three-year statute of limitations applies to Section 1983 claims, and Plaintiff mailed his complaint on May 26, 2020. *Id.* at 4. Regarding Plaintiff's claims alleging violations from October 24, 2018 and November 19, 2018, the R & R concluded that Plaintiff failed to exhaust his administrative remedies through the WCJ grievance procedure. *Id.* at 5-6.

On March 4, 2021, Plaintiff filed an unsigned Response to Defendants' motion for summary judgment. Dkt. #35. This Court ordered Plaintiff's untimely response stricken not only for failure to comply with the signature requirements under Fed. R. Civ. P. 11(a), but also because Plaintiff submitted his filing weeks after the noting date for Defendants' summary judgment motion—after which Judge Tsuchida had already issued the R & R. Dkt. #36. On March 22, 2021, having received no Objections by Plaintiff to the R & R, the Court adopted the R & R and dismissed this case with prejudice. Dkt. #37. Judgment was entered the same day. Dkt. #38.

On May 12, 2021, Plaintiff moved for relief from the Court's March 22, 2021 order on the basis that (1) Defendants' motion for summary judgment was brought in bad faith and was fraudulent; and (2) Plaintiff attempted to submit a prompt and timely response but, due to extraordinary circumstances, was unable to do so. Dkt. #42. The remainder of his motion alleges circumstances that made it impossible for Plaintiff to timely respond to Defendants' motion,

including prison staff refusing him e-filing privileges and law library access, episodes of blindness that made drafting progress slow and impaired his ability to communicate with the Court, an unexpected transfer to a more violent prison, placement in quarantine, separation from his legal papers, and the Court's enforcement of prisoner e-filing procedures.

### III. DISCUSSION

#### A. Legal Standard

Plaintiff does not clarify whether he moves for relief from the Court's judgment pursuant to Rule 59(e) or Rule 60(b). However, because his motion was filed more than 28 days after entry of judgment on March 22, 2021, his motion is untimely under Rule 59(e). *See* Fed. R. Evid. 59(e). Plaintiff's motion is therefore properly considered under Rule 60, which imposes no time limit on movants.

Under Rule 60(b), a judgment or order may be vacated for any one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is addressed to the Court's sound discretion. *Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 879 (9th Cir. 1993).

Plaintiff's motion alleges fraud committed by Defendants in moving for summary judgment and "extraordinary circumstances" that prevented Plaintiff from filing a timely response. Dkt. #42. These claims, liberally construed, fit under the "mistake, inadvertence, surprise, or excusable neglect" provision of Rule 60(b)(1), the fraud or misconduct provision under Rule 60(b)(3), and the catch-all provision under Rule 60(b)(6) for "any other reason" justifying relief. *See* Fed. R. Civ. P. 60(b). For the reasons set forth below, the Court finds that

Plaintiff's motion fails to meet any of the circumstances warranting post-judgment relief under Rule 60(b).

### B. Fraud or Misconduct or "Any other Reason"

Plaintiff's claims as to Defendants' fraud or bad faith in moving for summary judgment are conclusory and unsupported, such that relief under Rule 60(b)(3) is not justifiable here. The Court likewise finds that Plaintiff's motion does not satisfy the requirements under the Rule 60(b) catch-all provision. While Rule 60(b)(6) encompasses "any other reason that justifies relief," the standard is very demanding. *McCullough v. Xerox Corp.*, No. 13-CV-04596-HSG, 2015 WL 7257966, at *2 (N.D. Cal. Nov. 17, 2015). "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Lal v. Cal.*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation omitted); *see also Ackermann v. U.S.*, 340 U.S. 193, 203 (1950). If the claim underlying the Rule 60(b)(6) motion can be "fairly or logically classified as mere neglect," relief is not appropriate. *Klapprott v. U.S.*, 335 U.S. 601, 613 (1949). Plaintiff's claims as to impeded law library access, visual impairments, a prison transfer, and other issues do not meet this demanding standard given his demonstrated ability to file Objections to the R & R and failure to do so. *See* Dkt. #35.

### C. Mistake or Excusable Neglect

Relief for Plaintiff's "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) is also inappropriate. In determining whether a party's error qualifies for relief under Rule 60(b)(1), courts in the Ninth Circuit apply the *Pioneer-Briones* standard that considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation omitted). The ultimate

decision of whether to grant a Rule 60(b)(1) motion, however, lies within "the sound discretion of the district court." *Barber v. State of Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

      i.      Danger of Prejudice

On the first prong, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1192 (citing *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.")). Here, in contrast to the dismissal for failure to serve in *Lemoge* and the default judgment in *TCI Group*, the Government litigated the case on the merits. *See* Dkt. #29. The R & R considered the merits of Defendants' arguments and determined that Plaintiffs' claims were properly dismissed as time-barred and for failure to exhaust administrative remedies. Dkt. #34. On this basis, requiring the Government to re-litigate these issues would be prejudicial.

In turn, the Court finds that the prejudice to Plaintiff would be minimal if the Court were to deny relief. Plaintiff's stricken response, which forms the basis of his motion for relief from judgment, does not meaningfully challenge the bases for dismissal. First, Plaintiff's response raises a potential equitable tolling argument as to his claims arising from his time in WCJ between December 1, 2016 and May 16, 2017. For actions brought under Section 1983, courts must apply the applicable state rule for tolling that statute of limitations. *De Luna v. Farris*, 841 F.2d 312, 314 (9th Cir. 1988). Under Washington law, "[e]quitable tolling is a legal doctrine that allows a claim to proceed when justice requires it, even though it would normally be barred by a statute of limitations." *Trotzer v. Vig*, 149 Wash. App. 594, 203 n. 9 (Wash. Ct. App. 2009) (citing *Millay v. Cam*, 135 Wash.2d 193, 206 (Wash. 1998)). Washington courts "permit equitable tolling only sparingly." *Id.* at 1062 (citations omitted). "The predicates for equitable tolling are bad faith,

deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* (citation omitted.)

Plaintiff's response claimed that he completed and signed his complaint on April 29, 2020 but was "barred" from the prison library such that he could not obtain e-filing privileges. Dkt. #35 at 13. As a result, he "suffered a lengthy delay not of his own making or cause." *Id.* He also cited to COVID-19 protocols and Department of Corrections policy changes that affected prison operations in March 2020, which he claims also restricted his law library access. *Id.* at 13-14. Plaintiff ultimately mailed his complaint to the Court on May 26, 2020. Dkt. #1-1 at 190. The Court finds that the predicates for equitable tolling are not satisfied by Plaintiff's conclusory assertions that he attempted to e-file his complaint earlier and was prevented from doing so.

Regarding exhaustion of administrative remedies, Plaintiff concedes that he did not utilize the WCJ's administrative process to exhaust his administrative remedies for his claims arising between October 24, 2018 and November 19, 2018. Dkt. #35 at 4 ("[T]he foregoing complaints were not submitted on the official WCJ grievance form . . . ."). However, he maintains that his grievances "were made well known" to Defendants such that he effectively exhausted his remedies. *Id.* This argument is unavailing, given that exhaustion requires abiding by the administrative rules that govern the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Alternatively, Plaintiff argues that because he was not in Defendants' custody at WCJ when he filed his complaint, he is not subject to the PLRA and therefore not required to exhaust his administrative remedies. However, the exhaustion requirement is not rendered obsolete strictly because of a prisoner's transfer to another correctional facility. *See Meier v. Correct Care Sols.*, No. C17-5248 BHS-TLF, 2018 WL 3532921 (W.D. Wash. July 23, 2018) (transfer from Clark County Jail to Washington Department of Corrections Custody did not affect prisoner's

obligation to exhaust administrative remedies); *see also Medina Claudio v. Rodriguez—Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."). While some courts have acknowledged that a plaintiff's transfer shortly after the grievance occurred rendered any administrative remedies unavailable, *see, e.g.*, *Bradley v. Washington*, 441 F.Supp.2d 97 (D.D.C. 2006), here Plaintiff was able to submit "fourteen memos and complaints . . . while a prisoner of these same defendants" in 2018. Dkt. #35 at 4. To that end, the Court finds that Plaintiff's transfer did not affect his obligation to exhaust his remedies.

For these reasons, Plaintiff's arguments in his untimely response do not alter the analysis of the R & R that his claims arising in 2016-2017 were time-barred and his claims arising in 2018 were not exhausted through the administrative process. Accordingly, the Court finds no prejudice would result by denying Plaintiff post-judgment relief for purposes of considering his untimely response.

   ii.  Length of Delay

Plaintiff filed his Rule 60(b) motion within 1.5 months of the Court entering judgment in this matter. The Ninth Circuit has found far longer delays excusable under Rule 60(b)(1). *See, e.g.*, *Lemoge*, 587 F.3d at 1197 (approximately seven-month delay in filing Rule 60(b) motion). For that reason, the second factor regarding length of delay favors Plaintiff.

   iii.  Reason for Delay and Good Faith

However, turning to the third factor, Plaintiff's reason for delay—both with respect to the instant motion and his untimely summary judgment motion—are weak. As to the fourth factor, the Court likewise cannot conclude that Plaintiff's protracted delays were in good faith.

"There must be some obedience to the rules of court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself." *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962). Plaintiff asserts, without support, that Defendants brought their motion for summary judgment in bad faith. Dkt. #42 at 1. This claim has no bearing on Plaintiff's own failure to file a timely response to Defendants' motion for summary judgment or any Objections to the R & R. The remaining arguments in his motion, which allege various impediments to his ability to draft legal documents and file them, are undercut by the fact that Plaintiff successfully filed a document—his untimely response—on March 4, 2021. After Plaintiff's response was stricken as untimely and in violation of Rule 11 requirements, Plaintiff was afforded additional time to file Objections. He again failed to do so. The Court cannot find that Plaintiff's delay was well-justified or in good faith, given that he was informed of his opportunity to submit Objections, *see* Dkt. #34 at 6, and instead opted to submit an untimely response to Defendants' summary judgment motion.

For these reasons, the *Pioneer-Briones* factors weigh against granting Plaintiff relief from judgment based on mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1).

### D. Motion to Hold Appeal in Abeyance

Finally, the Court observes that Plaintiff has moved under Fed. R. App. 4(a) to hold his appeal in abeyance until this Court rules on his Motion for Relief from Judgment. Dkt. #45. This motion, which is properly directed to the U.S. Court of Appeals for the Ninth Circuit, is DENIED as moot.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court hereby ORDERS:

(1) Plaintiff's Motion for Relief from Judgment or Order, Dkt. #42, is DENIED.

(2) Plaintiff's Motion for Enlargement of Time, Dkt. #45, is DENIED as moot.

DATED this 9th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT - 9